**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116464

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION**

| | |
|---|---|
| Charlie Kim, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Jefferson Capital Systems, LLC,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Charlie Kim, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Jefferson Capital Systems, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New Jersey.

## PARTIES

5. Plaintiff Charlie Kim is an individual who is a citizen of the State of New Jersey residing in Bergen County, New Jersey.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Jefferson Capital Systems, LLC, is an Ohio Limited Liability Company with a principal place of business in Cuyahoga County, Ohio.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated September 14, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21. The Letter conveyed information regarding the alleged Debt.

22. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

24. The Letter was received and read by Plaintiff.

25. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

26. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

27. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

28. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

30. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

31. N.J.S.A 2A:14-24 provides that no acknowledgment or promise by words can be deemed evidence of a new or continuing contract, unless such acknowledgment or promise shall be made or continued by or in some writing to be signed by the party chargeable thereby.

32. A payment made after the statutory period has run, can only revive the debt under two circumstances: "1) that the payment was partial; and 2) an act of declaration which establishes the debtor's recognition of, and intention to pay, the entire claim. *Cohen v. LTD Financial Services, LP*, 3:15-cv-07422-FLW-TJB.

33. Moreover, "[i]n addition to the requirement of a writing[,] it is also necessary that the acknowledgment relied upon be such as in its entirety fairly supports an implication of a promise to pay the debt immediately or on demand." *Denville Amusement Co. v. Fogelson*, 84 N.J. Super. 164, 170 (App. Div. 1964).

34. Specifically, N.J.S.A 2A:50-67 provides, "[i]n the absence of an express agreement between the parties to the contrary, a debtor may tender, and a lender may accept, partial payment of any sum owing and due without either party waiving any rights."

35. Therefore, under the New Jersey law a partial payment may not toll the statue of limitations on a time barred debt, unless it is supported by a promise to pay the debt immediately or upon a demand.

36. The Letter states, "The law limits how long you can be sued on a debt. Because of the age of your debt, we (Jefferson Capitol Systems, LLC) cannot sue you for it and we cannot report it to any credit reporting agency."

37. The Letter additionally states, "In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay."

38. The Letter inaccurately advises Plaintiff that making a partial payment on the alleged Debt will revive the payment obligations on the alleged time barred debt.

39. Under the New Jersey Statue, a partial payment is not enough to revive a time barred debt, unless it is supported by a promise to pay the debt immediately or upon a demand.

40. Collection letters are examined for purposes of 15 U.S.C. § 1692e under the "least sophisticated consumer" standard.

41. As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that a partial payment on the alleged debt, would restart the obligation to pay on the alleged Debt; and therefore, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

42. As a result of the omissions set forth above, the Letter would make the least sophisticated consumer uncertain or confused, as to the implications of making a partial payment on the alleged Debt; and therefore, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

43.     For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

## CLASS ALLEGATIONS

44.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New Jersey.

45.     Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

46.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

47.     The Class consists of more than thirty-five persons.

48.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

49.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

50.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

51. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c. Finding Defendant's actions violate the FDCPA; and

d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Granting Plaintiff's costs; all together with

g. Such other relief that the Court determines is just and proper.

DATED: September 11, 2019

**BARSHAY SANDERS, PLLC**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 116464